UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY T. SHELTON                                                      PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:19CV491-CWR-RPM

EMCF WARDEN FRANK SHAW                                          RESPONDENT

## REPORT & RECOMMENDATION

Gregory T. Shelton, proceeding *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his guilty plea conviction and sentence for armed robbery and possession of a firearm by a convicted felon.  In his petition he raises the following claims: (1) he suffered a mild stroke on or about December 28, 2012, prior to his guilty plea hearing of February 4, 2013; (2) an evidentiary hearing on his post-conviction relief motion scheduled for October 20, 2015, never took place; and (3) he was under the influence of a mind-altering substance (prescription medications) on the day of his guilty plea hearing.

Shelton entered a guilty plea on February 4, 2013, in the Hinds County Circuit Court. Doc. [14-5] at 81-93.  During the plea colloquy, Shelton denied being under the influence of any drugs or prescription medications.  *Id.* at 87.  He also denied having any mental condition that would affect his decision-making ability.  *Id.*  Circuit Judge William Gowan accepted the guilty plea and sentenced Shelton to 20 years for armed robbery and 10 years for possession of a firearm, with the sentences to run consecutively.  *Id.* at 94-100.

In May 2013, Shelton filed a "Motion for Reconsideration of Sentence" and asserted that he did not knowingly, intelligently, or voluntarily plead guilty because he was taking medication at the time of the guilty plea hearing.  Doc. [14-1] at 36; [14-3] at 7; [15-1] at 15-17.  Circuit Judge Gowan held a hearing on the motion and suggested that Shelton would need to file a

motion for post-conviction relief (PCR) because his motion was untimely. Doc. [14-3] at 7; [15-1] at 18-22. Accordingly, on October 10, 2013, Shelton filed a PCR motion and asserted that his guilty plea was not entered knowingly, intelligently, or voluntarily because he likely suffered from a mild stroke shortly before the guilty plea and because he was on medication for the stroke and for "psychotropic reasons" at the time of the plea hearing. Doc. [14-5] at 6-13. He also asserted that he did not receive effective assistance of counsel. The trial court entered an order on October 22, 2013, dismissing the PCR motion because Shelton had failed to attach any supporting documentation. Doc. [14-1] at 16. The trial court further noted that at the time of the plea hearing, Shelton had indicated he was not on any drugs that would impair his ability to knowingly and voluntarily plea. *Ibid.* In June of 2014, Shelton filed a "Motion to Reopen Time to Appeal" and a Notice of Appeal. *Id.* at 38-41. On June 20, 2014, the circuit court denied the appeal as untimely. *Id.* at 20-21. The Mississippi Supreme Court subsequently dismissed Shelton's appeal as untimely. Doc. [14-3] at 12.

On January 14, 2014, Shelton filed a *pro se* "Motion for Production of Medical Records" to support his claims. Doc. [14-5] at 21-25. The circuit court treated this motion as a PCR motion. Doc. [14-3] at 14. On October 22, 2014, Circuit Judge Gowan directed the Hinds County Sheriff to produce Shelton's "medical records, and any and all records regarding medications". *Id.* at 13. On November 18, 2014, the trial court appointed counsel to represent Shelton and indicated that the matter would be set for a hearing after court-appointed counsel had an opportunity to review the medical records. *Id.* at 14. Shelton's medical records from the Hinds County Sheriff's Department were included as part of the state court record. *See* Doc. [14-4]. Circuit Judge Gowan later recused himself based on an apparent conflict. Doc. [14-5] at 41. The case was reassigned to Circuit Judge Tomie Green.

After considerable delay in the proceedings, Shelton's court-appointed counsel filed a motion for hearing. Doc. [14-5] at 45-48. Ultimately, Judge Green conducted a hearing on July 5, 2017. *Id.* at 68-70. On January 3, 2018, Judge Green entered an order denying Shelton's PCR motion and dismissing the case. Doc. [14-3] at 6. The court found that Shelton "voluntarily gave his plea, understood his constitutional rights and the meaning of taking a guilty plea. Petitioner's claims are without merit, especially since Petitioner's records indicate that Petitioner has 'no medical needs and has no insurance.'" *Ibid.* The Mississippi Court of Appeals affirmed the trial court's denial of post-conviction relief finding that the claims were procedurally barred as second/successive and by the doctrine of *res judicata*. Doc. [13-12]. The Mississippi Court of Appeals also addressed the merits of Shelton's claims. *Ibid.* On July 16, 2019, Shelton then filed the instant § 2254 petition. Doc. [1]. In answer, Respondent argues that federal habeas review is precluded because the State court dismissed Shelton's claims based on an independent and adequate state procedural rule. Doc. [13].

## Law and Analysis

### Evidentiary Hearing

As an initial matter, the Court addresses Shelton's claim that an evidentiary hearing scheduled for October 20, 2015, never took place. Circuit Judge William Gowan entered an order on November 18, 2014, appointing counsel for Shelton's PCR motion and directing the Hinds County Sheriff to produce Shelton's medical records. Doc. [14-3] at 13-14. Judge Gowan also indicated that the matter would be set for a hearing after appointed counsel had an opportunity to review the medical records. *Ibid.* However, on October 9, 2015, Judge Gowan recused himself because of an apparent conflict. Doc. [14-5] at 41. The case was transferred to Circuit Judge Tomie Green. Shelton's counsel apparently made several unsuccessful efforts to

3

contact Judge Green's office to re-set the matter for a hearing.  Doc. [14-5] at 47.  The hearing

eventually took place before Judge Green on July 5, 2017.[1]  Doc. [14-5] at 69-71.

Shelton's claim regarding the evidentiary hearing fails to state a federal constitutional

claim.  Although there was a lengthy delay, Judge Green ultimately conducted the hearing.

Judge Gowan's recusal and the reassignment to Judge Green explains the delay in part.

Nevertheless, Shelton offers no explanation as to how he was prejudiced by the delay or how the

delay implicated his federal constitutional rights with respect to the underlying conviction and

sentence.  *See* 28 U.S.C. § 2254(a) (habeas relief is available "only on the ground that

[petitioner] is in custody in violation of the Constitution or laws or treaties of the United

States."); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).  To the extent Shelton argues

that the state court failed to follow state law or its own rules, he has not stated a federal

constitutional claim.  *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

## Voluntariness of Guilty Plea

In his first and third claims, Shelton contends that he suffered a "likely" mild stroke prior

to the guilty plea hearing and that he was under the influence of psychiatric drugs the day of his

guilty plea.  As a consequence of these conditions, Shelton contends that his guilty plea was not

knowing, intelligent, and voluntary.  At the plea hearing on February 4, 2013, Shelton denied

that he was under the influence of any drugs or prescription medications.  Doc. [14-5] at 87.  He

also denied that he suffered from any mental condition that would impede his decision making.

*Ibid*.  In considering Shelton's PCR motion, Judge Green conducted a hearing on July 5, 2017,

and found that Shelton's guilty plea was indeed voluntarily given.  Doc. [14-5] at 71.

---

[1] The July 5, 2017, hearing has not been transcribed.  Doc. [13] at 5 n.2; [14-2] at 11.

Shelton appealed Judge Green's decision; however, the Mississippi Court of Appeals found the PCR to be barred as successive pursuant to Miss. Code Ann. § 99-39-23(6) and barred by *res judicata* because Shelton had raised the claim in a prior PCR motion.  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  State procedural bars are independent and adequate when the state has strictly or regularly applied them to the vast majority of similar cases.  *Id.*  Petitioner bears the burden of showing the state does not strictly or regularly follow the procedural bar.  *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002).  Shelton has made no such showing in this case.  In fact, the Fifth Circuit has found that § 99-39-23(6) constitutes an independent and adequate state procedural bar.  *See Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998); *Lott v. Hargett*, 80 F.3d 161, 164-65 (5th Cir. 1996); *Chancellor v. State of Mississippi*, 129 F.App'x 878 (5th Cir. 2005).

There are recognized exceptions to Mississippi's successive-writ bar stated in section 99-39-23(6); however, these exceptions do not appear to apply in this case:  (1) if petitioner can demonstrate an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually affected the outcome of his conviction or sentence, (2) if petitioner has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence; (3) if petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked; or (4) if petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously

presented or the availability of more advanced DNA technology.  *See Fluker v. State of Mississippi*, 170 So.3d 471, 475 (Miss. 2015); *Salter v. State of Mississippi*, 184 So.3d 944, 948-49 (Miss.Ct.App. 2015); *Jones v. State of Mississippi*, 995 So.2d 822, 823-24 (Miss.Ct.App. 2008).  Shelton does not argue in his petition or response that any of these exceptions would apply.  Based on the foregoing, the undersigned concludes that Shelton's claim regarding the voluntariness of his guilty plea was procedurally defaulted in state court; therefore, the claim is not subject to federal habeas review.

When a claim is procedurally barred, it may still be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004).  To prove cause sufficient to excuse default, Shelton must establish that some external impediment prevented him from raising the defaulted claims.  "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him."  *Coleman*, 501 U.S. at 753.  Shelton fails to identify any external impediment or cause for the procedural default.  Although Shelton contends that he was under the influence of prescription drugs at the time of the guilty plea, the trial court considered this claim and rejected it.  He offers no new evidence to call into question the state court's factual finding.

The fundamental miscarriage of justice exception is even more limited than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction."  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir.1999).  Shelton does not allege actual innocence.  To the contrary, Shelton pleaded guilty under oath and admitted that he displayed a weapon and robbed a bank.  Doc. [14-

5] at 88-91.  In reciting the factual basis for the plea, the prosecutor indicated that Shelton confessed to the bank robbery and that his thumb print was recovered from a deposit slip he pretended to fill out before he robbed the bank.  *Id.* at 90.  Furthermore, in a letter from Shelton dated December 14, 2014, he essentially confessed to the crime and apologized for robbing the bank.  Doc. [14-1] at 2.  According to Shelton, he robbed the bank because a "loved one" was in ICU at a hospital and needed money to stay on life support; however, Shelton acknowledged "that didn't give me a good reason to go robby [sic] that bank".  *Ibid.*  Based on the foregoing, Shelton cannot establish that the fundamental miscarriage of justice exception applies.

In the alternative, the undersigned finds that Shelton's claim should be denied on the merits.  The voluntariness-of-plea claim raised in Shelton's § 2254 petition was addressed on the merits by the Mississippi Court of Appeals.  Doc. [13-12] at 2-3.  Accordingly, the Court must consider the claim in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact.  *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000).

As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case. *Id.*

As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "[R]eview under [Section] 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

In considering Shelton's claim, the Mississippi Court of Appeals noted that Shelton had indicated during the plea colloquy that he was not under the influence of any drugs or prescription medications and that he did not suffer from any mental condition that would impair his decision making. Doc. [13-12] at 2-3. The Mississippi Court of Appeals also considered

Shelton's medical records from the time of the plea hearing. *Id.* at 3. The Court of Appeals concluded that the Medication Administration Records did not indicate that Shelton was actually administered medications on February 4, 2013, the date of his guilty plea hearing. *Ibid.* The Mississippi Court of Appeals further held that Shelton did not include an affidavit from his doctor or any other medical evidence to support his claim that the medications affected the voluntariness of his plea. *Ibid.* Shelton has failed to identify any error in the Court of Appeals' decision. He does not argue that the Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor does he argue that its decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Gregory T. Shelton's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 1st day of November 2021.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE